Rom Bar-Nissim (SBN 293356)
HEAH BAR-NISSIM LLP
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 432-2836
Rom@HeahBarNissim.com

Takashi Yamaguchi (SBN 308079)
LINK LAW OFFICE
Kojimachi Parkside Building 3F
4-7 Kojimachi, Chiyoda-ku
Tokyo, Japan 102-0083
Telephone: (81) 33-515-6681
yama_ben@nifty.com

Attorneys for Petitioner
MKH, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| In re Subpoena to Cloudflare, Inc. | **CASE NO. 26-mc-80095** |
|---|---|
| | **PETITION FOR SUBPOENA PURSUANT TO 28 U.S.C. § 1782** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT MKH Inc. ("Petitioner"), by and through the undersigned counsel, hereby requests this Court issue a subpoena to Cloudflare, (the "Proposed Subpoena") pursuant to 28 U.S.C. Section 1782. The Proposed Subpoena seeks information and documents on the identity of various individuals who have infringed Petitioner's copyrighted works and those who have aided and abetted their infringement. Petitioner seeks said information and documents for use in a forthcoming civil action in Tokyo, Japan.

This petition is based upon this notice, the accompanying memorandum of points and authorities, and the Declaration of Takashi Yamaguchi.  A proposed order also accompanies the petition.

DATED:   April 1, 2026          HEAH BAR-NISSIM LLP


By   /s/  Rom Bar-Nissim
         Rom Bar-Nissim


LINK LAW OFFICE

By   /s/   Takashi Yamaguchi
         Takashi Yamaguchi
Attorneys for Petitioner
MKH, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Petitioner MKH, Inc. ("Petitioner") asks this Court to issue a subpoena to Cloudflare, Inc. ("Cloudflare") pursuant to 28 U.S.C. Section 1782. The subpoena seeks information on the owner(s) and operator(s) of websites that have infringed Petitioner's copyrighted works and those who aided and abetted their infringement. Petitioner seeks this information for the purpose of pursuing claims of copyright infringement in forthcoming action that Petitioner intends to bring in Tokyo, Japan. As such, Petitioner respectfully requests that this Court grant its petition and authorize Petitioner to serve the subpoena on Cloudflare.

### II.    RELEVANT FACTS

Petitioner is the copyright owner of various audiovisual works that were created in Japan and first released to the public from Japan. *See* Declaration of Takashi Yamaguchi ("TY Decl."), ¶ 2. The websites, surrit.com, missav.ws, missav.ai, fourhoi.com, missav.live, missav123.com, missav.app, missav.life, missav09.cc, avmiss.buzz, missav99.cc and missav video infringed and continues to infringe Petitioner's copyrighted works (the "Infringing Websites"). *Id.*

Despite conducting an independent investigation, Petitioner is unable to identify: (1) the owner(s) and operator(s) of the Infringing Websites; and (2) anyone potentially aiding and abetting their infringement (individually and collectively, the "Alleged Infringers"). TY Decl., ¶ 3.

Cloudflare is the content delivery network ("CDN") and server for the Infringing Websites. TY Decl., ¶ 4. Cloudflare is also the domain registrar for missav.live and missav123.com. *Id.* As such, Petitioner believes that Cloudflare has information that will help Petitioner identify the Alleged Infringers. *Id.* The information Petitioner seeks from Cloudflare is contained the proposed subpoena – which is attached to the Declaration of Takashi Yamaguchi as Exhibit A (the "Proposed Subpoena"). *Id.*, Ex. A.

PETITION FOR SUBPOENA PURSUANT TO 28 U.S.C. § 1782

The information Petitioner seeks in the Purposed Subpoena is to enable Petitioner to sue the Alleged Infringers in a copyright infringement action that Petitioner intends to bring in the Tokyo District Court in Japan (the "Forthcoming Tokyo Action"). TY Decl., ¶ 5.

### III.    ARGUMENT

**A.    28 U.S.C. Section 1782 Authorizes this Court to Issue the Proposed Subpoena for Use in the Forthcoming Tokyo Action**

28 U.S.C. Section 1782 allows any "interested person" to use the United States discovery process for the purpose of gathering evidence to be used in a proceeding abroad.  Under Section 1782, the following statutory requirements must be met:

> (1) [T]he person from whom the discovery is sought resides or is found in the district of the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal that is within reasonable contemplation; and (3) the applicant is an interested person in that foreign proceeding.

*In re Gliner*, 133 F.4th 928, 932 (9th Cir. 2025) (citing 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004)).

As set forth, below Petitioner is able to satisfy all of these requirements.

**B.    Petitioner is an "Interested Person" Within the Meaning of 28 U.S.C. Section 1782**

The Supreme Court has held that the term "interested person" as used in 28 U.S.C. Section 1782 is broadly defined. *Intel Corp.*, 542 U.S. at 256-57.  The term encompasses any individual who "possesses a reasonable interest in obtaining judicial assistance," including any litigant involved in a proceeding.  *Id.*

Petitioner intends to pursue a civil action for copyright infringement against the Alleged Infringers in the Forthcoming Tokyo Action. TY Decl., ¶ 5. Therefore, Petitioner is an "interested person" under 17 U.S.C. Section 1782.

/ / /

---
4

**C.      The Evidence Will be Used in the Forthcoming Tokyo Action**

Any investigation or potential lawsuit qualifies as a "proceeding" for purposes of 28 U.S.C. Section 1782. *Intel Corp.,* 542 U.S. at 259. In *Intel*, the Supreme Court explicitly held that the foreign proceeding need not be pending or imminent and that even matters still under investigation qualify as "proceedings." *Id.; see also In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 848 F.2d 1151, 1154-1155 (11th Cir. 1988). Further, courts regularly grant applications for discovery under 28 U.S.C. Section 1782. *Applications of Esses*, 101 F.3d 873 (2d Cir. 1996).

Here, Petitioner intends to bring an action for copyright infringement in the Forthcoming Tokyo Action. TY Decl., ¶ 5. Petitioner intends to use the information sought in the Proposed Subpoena to pursue its claims of copyright infringement against the Alleged Infringers in the Forthcoming Tokyo Action. *Id.*, ¶¶ 4-5.

Therefore, the Forthcoming Tokyo Action qualifies as a "proceeding" for purposes of 28 U.S.C. Section 1782.

**D.      Cloudflare Resides in This District**

Cloudflare's principal and mailing address is: 101 Townsend Street, San Francisco, California 94107. TY Decl., ¶ 6. Accordingly, Cloudflare is found within the district in which Petitioner seeks discovery.

In sum, Petitioner has satisfied the three requirements for the Proposed Subpoena under 18 U.S.C. Section 1782.

**E.      The *Intel* Factors Reinforce that this Court Should Issue the Proposed Subpoena**

When the threshold requirements of 28 U.S.C. Section 1782's are met, the decision to grant the petition rests within the district court's discretion. The Supreme Court has articulated "four non-exhaustive factors" for a court to consider in determining whether to grant an application:

(1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal and proceedings, and the receptivity of the foreign government, court, or agency to the assistance of the U.S. federal courts; (3) whether the application conceals an attempt to circumvent foreign proof-gathering restrictions or other public policies; and (4) whether the discovery would be unduly intrusive or burdensome.

*In re Gliner*, 133 F.4th at 932-933 (internal quotation marks omitted) (quoting *Intel Corp.* 542 U.S. at 264-66. All of the *Intel* factors weigh in favor of granting the Proposed Subpoena

### i. Cloudflare is not a Party to the Forthcoming Tokyo Action

At present, Petitioner does not intend to name Cloudflare as a party to the Forthcoming Tokyo Action. TY Decl., ¶ 7. If the Court denies Petitioner the ability to issue the Proposed Subpoena, it would prevent Petitioner from discovering the identity of the Alleged Infringers and vindicating its rights. *Id.*

### ii. The Relevant Tribunals, Laws and Rules are Not Hostile to this Petitioner

There is no Japanese law, rule of evidence or rule of civil or criminal procedure prohibiting the filing of this petition or the discovery that is being requested in the Proposed Subpoena. TY Decl., ¶ 8. Furthermore, there are no procedural orders or rules that would prohibit the filing of this petition or the information sought for the Forthcoming Tokyo Action. *Id.*

### iii. This Petition is Not Made in an Attempt to Circumvent Japanese Proof-Gathering Restrictions or Public Policies

There are no relevant Japanese laws that restrict a party's ability to gather the evidence sought in the Proposed Subpoena. TY Decl., ¶ 8. Nor does the Proposed Subpoena and this petition circumvent any applicable Japanese laws. *Id.* Finally, there are no other Japanese public policies that would be violated as a consequence of the Proposed Subpoena or the information it seeks. *Id.*

PETITION FOR SUBPOENA PURSUANT TO 28 U.S.C. § 1782

### iv.  The Information Sought by the Proposed Subpoena is Not Unduly Burdensome or Intrusive

The information sought by the Proposed Subpoena is confined to obtaining information about the Alleged Infringers for Petitioner to pursue its claims of copyright infringement in the Forthcoming Tokyo Action. TY Decl., ¶ 5, Ex. A. The information sought by the Proposed Subpoena is information Cloudfare would have and retain in the ordinary course of business. *Id.*, ¶¶ 4-5 Ex. A.  Consequently, it is not unduly burdensome or intrusive – particularly since Cloudflare is a large corporation who regular receives subpoenas seeking information identical to the information sought in the Proposed Subpoena. *Id.*, ¶ 5.

### III.    CONCLUSION

Based on the forgoing, Petitioner respectfully requests that the Court grant its petition to serve the Proposed Subpoena to Cloudflare pursuant to 28 U.S.C. Section 1782.

DATED:   April 1, 2026          HEAH BAR-NISSIM LLP


By   /s/  Rom Bar-Nissim
         Rom Bar-Nissim


LINK LAW OFFICE

By   /s/  Takashi Yamaguchi

     Takashi Yamaguchi
     Attorneys for Petitioner
     MKH, Inc.