UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE APPLICATION OF MKH, INC.

Case No. 26-mc-80095-JST

**ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**

Re: ECF No. 1

Before the Court is Petitioner MKH, Inc.'s ex parte application for a discovery order pursuant to 28 U.S.C. § 1782 in aid of a foreign proceeding. ECF No. 1. The Court will grant the motion.

## I.   BACKGROUND

MKH alleges it is the copyright owner of several audiovisual works that have been infringed upon by the websites surrit.com, missav.ws, missav.ai, fourhoi.com, missav.live, missav123.com, missav.app, missav.life, missav09.cc, avmiss.buzz, missav99.cc and missav video. ECF No. 1 at 3. MKH has not been able to identify the owner or operator of the infringing websites but believes that Cloudflare Inc, is the domain registrar for the websites missav.live and missav123.com. *Id*. MKH seeks to serve subpoenas on Cloudflare for documents that identify the owner(s) and operator(s) for the websites.com to use in a forthcoming action against the alleged infringers in the Tokyo District Court. *Id*. at 3–4.

## II.   LEGAL STANDARD

A district court has the authority to grant a Section 1782 application if the following statutory requirements are met: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a

foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)). To satisfy the statute's requirements, the foreign proceeding need only be "within reasonable contemplation," not "'pending' or even 'imminent.'" *Id.* (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258-59 (2004)).

Even if an application satisfies the statutory requirements, the district court retains substantial discretion in deciding whether to grant or deny the request. *Intel Corp.*, 542 U.S. at 260-61. In making this decision, courts consider the following factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to U.S. federal-court judicial assistance," (3) whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65.

"Section 1782 petitions are regularly reviewed on an ex parte basis." *In re Ex Parte Appl. Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016). Although ex parte applications are generally disfavored, the usual concerns associated with them are mitigated because, upon the grant of a Section 1782 application, the opposing party typically retains the right to "raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash." *Id.*

## III.    DISCUSSION

### A.    Statutory Requirements

This application satisfies the statutory requirements of Section 1782. First, Cloudflare is based in San Francisco, which is within the Northern District of California. ECF No. 1-1 ¶ 6. Second, the requested documents are to be used in a Japanese civil action in the Tokyo District Court. *Id.* ¶ 5. Although MKH has not yet filed suit, the subpoena application demonstrates that the proceeding is "within reasonable contemplation" because MKH intends to commence litigation upon obtaining the identities of the website owners and/or operators. *Intel Corp.*, 542

United States District Court
Northern District of California

U.S. at 259; ECF No. 1-1 ¶ 7. Third, the application has been made by a prospective litigant, who qualifies as an "interested person." *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *2 (N.D. Cal. Aug. 10, 2021).

### B.    Discretionary Factors

The first discretionary factor considers whether "the person from whom discovery is sought is a participant in the foreign proceeding," *Intel Corp.*, 542 U.S. at 244, because "the key issue is whether the material is obtainable through the foreign proceeding." *In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *2 (quoting Varian Med. Sys., 2016 WL 1161568, at *3). MKH contends that Cloudflare will not be a participant in the Japanese proceedings. ECF No. 1 at 6. This factor weighs in favor of granting the application. *See Intel Corp.*, 542 U.S. at 264.

The second factor evaluates the "nature of the foreign tribunal," "character of proceedings underway abroad," and "receptivity of the foreign . . . court . . . to U.S. federal-court judicial assistance." Id. at 264. "Case law suggests that Japanese courts are generally receptive to discovery taken in the United States pursuant to [S]ection 1782." *In re Frontier Co., Ltd.*, No. 19mc-80184-LB, 2019 WL 3345348, at *4 (N.D. Cal. Jul. 4, 2019). This factor weighs in favor of granting the application.

The third factor considers whether the application "conceals an attempt to circumvent" Japanese proof-gathering restrictions. Intel Corp., 542 U.S. at 265; ECF No. 1 at 4. Because nothing in the application evinces such an attempt, the Court finds that the third factor also weighs in favor of granting the application.

Finally, the fourth factor evaluates whether the requested information is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. MKH seeks documents that identify the operators of the websites that allegedly infringed their copyrights. ECF No. 1 at 3. Nothing about the request suggests undue burden. MKH is reasonably certain that Cloudflare possess the relevant information. ECF No. 1-1 ¶¶ 4-8; *see also* ECF No. 1-1 at 5-23. The fourth factor thus weighs in favor of granting the application.

Therefore, the statutory requirements are met, and the discretionary factors favor granting the application.

**CONCLUSION**

For the foregoing reasons, the Court grants the application and hereby orders that Takashi Yamaguchi is authorized to issue a subpoena to Cloudflare as reasonably necessary to obtain the information sought in the Section 1782 application, subject to the following conditions:

1. At the time of service of the subpoena, MKH must also serve a copy of this Court's order on Cloudflare. The return date of the subpoena must be at least 30 days from the date of service to allow Cloudflare to contest the subpoena if it has a good faith basis for doing so.

2. Within 7 calendar days after service of the subpoena, Cloudflare shall notify the website owner(s) or operator(s), including the website registrant, website administrator, and holder of the obtained email addresses and payment information, that his or her identity is sought by MKH and serve a copy of this Order on the operator(s). The operator(s) may, within 21 days from the date of the notice, file any motions in this Court contesting the subpoena (including a motion to quash or modify the subpoena). If any operator contests the subpoena, Cloudflare must preserve (but not disclose) the information sought by subpoena pending this Court's resolution of any motion to quash.

The Clerk shall close the file. Should a motion to quash be filed, this case shall automatically be reopened.

**IT IS SO ORDERED.**

Dated: May 7, 2026

_____
JON S. TIGAR
United States District Judge

4